985 F.2d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles E. MCMANAMA, Plaintiff-Appellant,
v.
STATE OF OREGON, Defendant-Appellee.
 No. 92-35283.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Jan. 29, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles E. McManama appeals pro se the district court's dismissal of his civil rights complaint seeking to preserve his sixth and eighth amendment rights. The district construed McManama's complaint as a civil rights action pursuant to 42 U.S.C. § 1983 and dismissed for lack of jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 McManama contends that the district court erred in determining that his action was barred by the eleventh amendment. This contention lacks merit.
 
 
 4
 The existence of subject matter jurisdiction is a question of law reviewed de novo. Reebok Int'l, Ltd. v. Marnatech Enterprises, Inc., 970 F.2d 552, 554 (9th Cir.1992).
 
 
 5
 The eleventh amendment prevents states from being sued in federal court without the state's consent. Papasan v. Allain, 478 U.S. 265, 276 (1986). The eleventh amendment immunity extends to suits against the state by its own citizens. Id. "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a state for alleged deprivations of civil liberties." Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). The eleventh amendment bars such suits unless the state has waived its immunity. See Penhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984). In addition, Congress did not abrogate states' eleventh amendment immunity with the passage of 42 U.S.C. § 1983. Quern v. Jordan, 440 U.S. 332, 341 (1979). A state does not waive eleventh amendment immunity in federal courts merely by waiving sovereign immunity in its own courts. Penhurst, 465 U.S. at 99 n. 9.
 
 
 6
 Here, McManama has filed a civil rights action against the state of Oregon alleging that his $50 fine for a traffic infraction violated eighth amendment prohibitions against excessive fines. He also alleged that the denial of a jury trial for his traffic infraction violated the sixth amendment guarantee to a jury trial in all criminal proceedings.
 
 
 7
 McManama has filed an action in federal court against the state of Oregon. Because the state of Oregon has not waived its eleventh amendment immunity, the federal courts lack jurisdiction to hear McManama's complaint. See Will, 491 U.S. at 66; Papasan, 478 U.S. at 276.
 
 
 8
 Accordingly the district court's dismissal for lack of subject matter jurisdiction is affirmed.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. McManama's "motion to strike [defendant-appellee's] answering brief" is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3